UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUQMAN TANVEER,

                Petitioner,

    v.

TODD BLANCHE et al.,

                Respondents.

CASE NO. 2:26-cv-01387-DGE

ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 1)

Petitioner Luqman Tanveer has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks removed). "This

generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. US Citizenship & Immigr. Servs.*, No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner's IFP application establishes his indigency. He states he currently detained at the Northwest Immigration and Customs Enforcement Processing Center (*see id.* at 2) and appears to have limited funds available to afford the filing fee. The action, a petition for writ of habeas corpus challenging Respondents' continued detention of Petitioner, does not appear to be frivolous or clearly without merit. *See Tripati*, 821 F.2d at 1369.

Accordingly, Petitioner's IFP application (Dkt. No. 1) is GRANTED.

Although the Court has approved Petitioner's IFP application, this matter may not proceed because Petitioner did not sign his habeas petition. This means the Court cannot consider the petition or any motions Petitioner has attempted to file until the Petitioner files a signed habeas petition. Again, this matter will not proceed until after Petitioner has filed a signed petition. Petitioner is directed to file a signed habeas petition.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of April 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 1) - 3